**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4974-GW(ASx) | Date | August 12, 2014 |
|---|---|---|---|
| Title | *Salome Pena Gonzalez v. Wells Fargo Bank, N.A., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING ACTION TO STATE COURT**

    Plaintiff Salome Pena Gonzalez ("Plaintiff") filed suit against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Cal-Western Reconveyance ("Cal-Western") (collectively, "Defendants"), asserting ten claims, variously, against "all Defendants," "Defendant," and "Foreclosing Defendants."  *See* Compl., Docket No. 1-1.  Although Cal-Western is a California citizen, Wells Fargo removed the case to this Court on diversity grounds, arguing that the Court should disregard Cal-Western's citizenship because Cal-Western is either a "nominal" or fraudulently-joined party.  Removal Notice, Docket No. 1.

    Federal courts have an independent duty to ensure that subject matter jurisdiction exists at all stages of a case, whether or not the parties raise the issue.  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments").  Where a case has been removed, a court may – indeed must – remand the action *sua sponte* if it determines that it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction").  A defendant attempting to remove an action from state to federal court bears the burden of proving that subject matter jurisdiction exists, *see Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986), and, in so doing, must overcome the "strong presumption" against removal.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992).

    The general rules for diversity jurisdiction should be familiar.  Diversity jurisdiction exists if the plaintiff has different citizenship from all defendants and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  For diversity removals, therefore, the removing defendant typically must show that the parties were completely diverse, both when the case was filed and removed, *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131

                                                                                             :

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4974-GW(ASx) | Date | August 12, 2014 |
|---|---|---|---|
| Title | *Salome Pena Gonzalez v. Wells Fargo Bank, N.A., et al.* | | |

(9th Cir. 2002), and that the amount in controversy exceeded $75,000 at the time of removal, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).

"Although an action [generally] may be removed to federal court only where there is complete diversity of citizenship, 'one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.''" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001)). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In cases of fraudulent joinder, a district court may disregard the so-called "sham" defendant's citizenship for purposes of establishing diversity. *Hunter*, 582 F.3d at 1043 (citing *Morris*, 236 F.3d at 1067); *Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001) ("A district court may disregard a non-diverse party named in the state court complaint . . . if the non-diverse party is joined as a sham or if the joinder is fraudulent.").

Because there is a general presumption against fraudulent joinder, however, defendants seeking to rely on the exception bear a "heavy" burden of proof. *Mendoza v. Host Int'l, Inc.*, No. 13-CV-8671-GHK(ASx), 2014 U.S. Dist. LEXIS 13282, at *3 (C.D. Cal. Feb. 3, 2014) (quoting *Hunter*, 582 F.3d at 1046). To meet that burden, the removing party "must negate every possible scenario within the ambit of a well-pled claim," *Iniguez v. Vantium Cap., Inc.*, No. 13-00037-WHA, 2013 U.S. Dist. LEXIS 41776, at *6 (N.D. Cal. Mar. 25, 2013) (citations omitted), and must do so by "clear and convincing evidence," *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant may present facts in the form of summary judgment-type evidence showing the joinder to be fraudulent. *McCabe*, 811 F.2d at 1139; *Morris*, 236 F.3d at 1068 (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence")). But district courts "must resolve all disputed questions of fact," *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998), and "all material ambiguities in state law" in the plaintiff's favor, *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002). "Thus, if there is a non-fanciful possibility that plaintiff can state a claim under state law against the non-diverse defendants, the court must remand." *Barsell v. Urban Outfitters, Inc.*, No. 09-CV-2604-MMM(RZx), 2009 U.S. Dist. LEXIS 123475, at *8 (C.D. Cal. July 1, 2009) (quotations omitted); *Sun v. Bank of Am. Corp.*, No. 10-CV-4-AG, 2010 U.S. Dist. LEXIS 19554, at *7 (C.D. Cal. Feb. 8, 2010) ("[I]n the Ninth Circuit, a . . . defendant is . . . fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the [defendant]").

In addition to fraudulent joinder, courts will ignore nominal parties' citizenship for jurisdictional purposes where they "have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty,*

                                                                                                  :

                                                    Initials of Preparer    JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4974-GW(ASx) | Date | August 12, 2014 |
|---|---|---|---|
| Title | *Salome Pena Gonzalez v. Wells Fargo Bank, N.A., et al.* | | |

*Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citations and quotations omitted, punctuation altered).  While it is true that trustees are often deemed nominal parties, however, that is not the case where a complaint contains substantive allegations against the trustee.  *See Osorio v. Wells Fargo Bank*, No. 12-CV-2645-RS, 2012 U.S. Dist. LEXIS 78073, at *7 (N.D. Cal. June 5, 2012) ("Admittedly, trustees are often deemed nominal parties, but an exception is made where the complaint contains substantive allegations against the trustee or seeks to recover money damages from the trustee") (collecting cases, citations omitted).

Here, notwithstanding Wells Fargo's less than accurate contention that "the complaint *does not allege any wrongful conduct by Cal-Western*," *see* Removal Notice at 5:4-5 (emphasis in original), the ninth cause of action, for "Wrongful Foreclosure," sets out specific allegations against Cal-Western, contending, at a minimum, that Cal-Western violated Cal. Civ. Code § 2923.5.  *See* Compl. ¶¶ 148-53.  When faced with similar allegations under nearly-identical circumstances, other district courts have consistently remanded actions removed on the fraudulent joinder/nominal party theory.  *See, e.g., Osorio*, 2012 U.S. Dist. LEXIS 78073, at *4-*8; *Latino v. Wells Fargo Bank, N.A.*, No. 11-CV-2037-MCE(DADx), 2011 U.S. Dist. LEXIS 119804, at *7-*14 (E.D. Cal. Oct. 14, 2011); *Cheng v. Wells Fargo Bank*, N.A., No. 10-CV-1764-JST(FFMx), 2010 U.S. Dist. LEXIS 130213, at *3 (C.D. Cal. Dec. 2, 2010) (remanding case removed by Wells Fargo's current counsel on same grounds).  This Court agrees with those decisions and wonders why Wells Fargo continues to use its ploy.

Accordingly, this case is REMANDED to state court.  All remaining dates are VACATED.  The Court Clerk is directed to give notice and to close the case file.

:

Initials of Preparer   JG